NEW YORK LIFE INSURANCE CO. v. MODZELEWSKI.

1. APPEAL AND ERROR—SETTLING CASE FOR REVIEW—COURT RULES.
   Although, under Court Rule No. 66, § 6 (1931), when trial judge is absent from circuit, another judge may settle case for review, yet, where disputed questions arise and counsel cannot agree, it is not improper to refer settlement to judge who tried case if he will be available within reasonable time.

2. SAME—SETTING ASIDE SETTLEMENT—ABUSE OF DISCRETION.

> Where trial judge was absent from circuit, and another judge settled case for review in absence of defendant's counsel, there was no abuse of discretion in setting aside said settlement on showing made by affidavit that, on day of settlement, defendant's attorney was ill and unable to be in court, that he had telephoned plaintiff's attorney two days before that he had 63 pages of amendments to offer and had not yet received portions of record, that only small portion of testimony was included, and that very large part, as well as many exhibits and pleadings, necessary to proper presentation of case, had been excluded.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 20, 1933. (Calendar No. 37,302.) Decided August 29, 1933.

Bill by New York Life Insurance Company, a New York corporation, against Claire L. Modzelewski to enjoin an action at law on a life insurance policy. Cross-bill by defendant against plaintiff for money decree. Decree for defendant. Plaintiff reviews order striking case on appeal from files by appeal (in nature of mandamus). Affirmed.

*Thomas A. E. Weadock*, for plaintiff.

*Nathaniel H. Goldstick* and *Paul J. Wieselberg*, for defendant.

BUTZEL, J. The presiding judge of the Wayne circuit court assigned to the Hon. Theodore J. Richter, a judge of that court, the settlement of a case made and in the process of appeal to this court. The Hon. Clarence M. Browne, Saginaw circuit judge, had heard and re-heard the case, made findings of fact and law, filed an opinion, and directed a decree. The time within which to settle the case had been extended to March 19, 1933. Judge Browne was in

his home circuit, when, on February 20, 1933, the date to which the settlement had been adjourned, the case was settled by Judge Richter; defendant's counsel not being present. On the following day, the latter filed a motion, supported by affidavit, to set aside and strike the settlement from the record. This motion was granted. Plaintiff has filed an appeal, in the nature of a mandamus, to direct the trial judge to vacate his order setting aside and striking from the records the settlement of the case-made.

Defendant was appellee in the main case, in which a money decree was rendered on a cross-bill against plaintiff as cross-defendant. Defendant's attorney showed in the affidavit, filed in support of the motion, that he was ill on February 20, 1933, and for that reason was not in court when the case-made was settled by the judge; that in as much as the time had been extended within which to settle the case-made, respective counsel had not yet agreed what should be included in the case-made, and he had telephoned to the office of plaintiff's attorney two days before that he had prepared 63 pages of amendments and had not yet received other portions of the record, he had every reason to believe that the settlement would be adjourned to enable the attorneys to try to agree on the record; that only a very small portion of the testimony was included and a very large part, as well as many exhibits and pleadings, necessary for the proper presentation of the case, excluded from the case as settled. Plaintiff, however, claims that the case-made was settled on the day it was adjourned to; that all pertinent testimony has been included. Neither we nor the Wayne circuit judge, who did not hear the case, can at present determine whether the omitted portions of the testimony and exhibits should have been included in the

case-made. Section 6, Court Rule No. 66 (1931), provides that when the judge who heard the cause is absent from a circuit, another judge of the same court or any other circuit may settle the case for review. However, when disputed questions arise, and counsel cannot agree, it is not at all improper to refer the settlement of the case to the judge who tried the case, if he will be available within a reasonable time. Section 4, Court Rule No. 66, *supra,* provides that a case settled in an action in equity shall set forth the substance of all the evidence taken and read at the trial and all of the proceedings had during the trial under the provisions of the judicature act, chap. 17, § 5 (3 Comp. Laws 1929, § 14159), etc. Section 5, Court Rule No. 64 (1931), provides that errors in any transcript or other portions of the record on appeal may be corrected at any time before transmission to the appellate court on motion of the lower court, and thereafter, by motion of the appellate court. Judge Richter had the right to set aside and strike the settlement of the case-made from the record on the showing made. There was no abuse of discretion in his so doing. Cross-plaintiff has a right to include in the case-made all portions of the record and such exhibits and pleadings as are necessary for a proper presentation of the case. The circuit judge was absolutely correct in setting the settlement aside and striking it from the record. His action is affirmed, and plaintiff's motion denied; costs to abide the result of the main case.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.